# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**AKECHETA A. MORNINGSTAR**                                             **PETITIONER**

**V.**                                             **CIVIL ACTION NO. 3:23 CV129 DPJ-LGI**

**KILOLO KIJAKAZI, ACTING**
**COMMISSIONER OF SOCIAL SECURITY**                       **DEFENDANT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

THIS CAUSE is before the Court on the Motion for Leave to Proceed in forma pauperis ("IFP") filed by Plaintiff Akecheta A. Morningstar, formerly known as Audray Johnson. Having examined the application and financial affidavit submitted in support thereof, the undersigned recommends that the motion be denied, and Plaintiff be directed to pay the filing fee.

28 U.S.C. § 1915(a)(1) is intended to provide access to federal courts for those who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). Whether a party may proceed IFP in the district court is based upon economic criterion, including, but not limited to, information related to the applicant's income, assets, bank accounts, or expenses. *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). Such information is necessary to assess "whether the movant can afford the costs [of filing] without undue hardship or deprivation of the necessities of life." *Id.* It is a "privilege to proceed at the expense of the government [, i.e., the taxpayers] and the district court has the power to ensure that this privilege is properly granted." *Lay v.*

*Justs.-Middle Dist. Ct.*, 811 F.2d 285, 286 (5th Cir. 1987).  Accordingly, in evaluating an allegation of poverty, the Court may "conduct reasonable investigations" into an applicant's financial status.  *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 441 (5th Cir. 2016).

In evaluating whether a request to proceed IFP should be granted, courts often look to the Poverty Guidelines issued annually by the United States Department of Health & Human Services and compare it to the applicant's average monthly income for the past 12 months. *See Shepard v. U S Postal Inspection Serv.*, No. 2:21-CV-106-KS-MTP, 2021 WL 3828736, at *1 (S.D. Miss. Aug. 6, 2021), *report and recommendation adopted sub nom. Shepard v. U.S. Postal Inspection Serv.*, No. 2:21-CV-106-KS-MTP, 2021 WL 3828442 (S.D. Miss. Aug. 26, 2021) (collecting cases).  Assuming arguendo that Plaintiff resides with his spouse, the applicable poverty guideline for a two-person household is $19,720.  *See* Annual Update of the HHS Poverty Guidelines, 87 FR 3424-01 (Jan. 19, 2023).  Their joint annual income for the past year of $38,880 would therefore exceed the Poverty Guidelines by $19,160.  Likewise, their monthly expenses of $2,752 would be less than their monthly income for the past year of $3,240 by a difference of $488, which would be sufficient to cover the filing fee in this case.

Plaintiff alleges in his Complaint, however, that his disability payments—his primary source of income— have been terminated by the Social Security Administration.  As a result, he estimates on his application that his future income will only be between $200-$400 per month in sales.  Though this would reduce his household annual income from $38,880 to an amount between $19,800-$22,200, it is still above the applicable

2

poverty guidelines for a two-person household. Given this evidence, and the fact that Plaintiff reports combined assets valued at more than $114,000, the undersigned submits that Plaintiff has not shown that paying the filing fee in this case would impose an undue hardship. His application is subject to denial on this basis alone.

Additionally, as other courts in this district have noted, Plaintiff has a long history of filing frivolous and repetitive lawsuits, even when his IFP requests have been denied.[1] *See Morningstar v. St. Dominic-Jackson Memorial Hospital, et al.*, Civil Action No. 3:22CV410 HTW-MTP. Indeed, instead of paying the filing fee as directed by the undersigned in *Morningstar v. St. Dominic-Jackson Memorial Hospital et al.,* Civil Action No. 3:22-CV-238 CWR-LGI, Plaintiff filed a new action and IFP application alleging the same claims against the same Defendants in Civil Action No. 3:22-CV-410 HTW-MTP. Though Plaintiff objected to United States Magistrate Judge Parker's recommendation that his IFP request be denied in 3:22-CV-410, Plaintiff paid the filing fee before a final ruling could be made. *Id.* (subsequently withdrawing report and

---

[1] *See* Civil Action No. 3:11-CV-322 CWR-FKB (granting IFP and agreed dismissal with prejudice) Civil Action No. 3:11-CV-775 CWR-FKB (agreed dismissal with prejudice); Civil Action No. 3:12-CV-166 DPJ-FKB (parties agreed Plaintiff's claims subject to binding arbitration); Civil Action No. 3:12-CV-294 (denying IFP); Civil Action No. 3:12-CV-658 HTW-LRA (summary judgment granted in favor of defendants); Civil Action No. 3:14-CV-635 HTW-LRA (denying IFP); Civil Action No. 3:15-CV-223 DPJ-FKB (dismissed with prejudice for failure to state a claim) Civil Action No. 3:15-CV-761-HTW-LRA (denying IFP); Civil Action No. 3:17-CV-607-TSL-RHW (dismissal for failure to state a claim); Civil Action No. 3:17-CV-617-CWR-FKB (granting IFP but dismissing claims as frivolous); Civil Action No. 3:18-CV-10-CWR-FKB (payment of filing fee while motion for IFP pending; fee subsequently reimbursed after motion for IFP granted); Civil Action No. 3:18-CV-695-CWR-FKB (dismissed for lack of subject matter jurisdiction; Civil Action No. 3:18-CV-751-HTW-LRA (granting Plaintiff's request for voluntary dismissal of case); Civil Action No. 3:19-CV-276-CWR-LRA (denying IFP); Civil Action No. 3:20-CV424-TSL-LGI (denying motion to proceed IFP on appeal); Civil Action No. 3:22CV410 HTW-MTP (denying IFP); Civil Action No. 3:22-CV-20-TSL-MTP (dismissed for lack of subject jurisdiction); and Civil Action No. 3:22-CV-238-CWR-LGI (denying IFP).

recommendation denying IFP as moot).  The instant lawsuit and IFP application are the first to be filed since—a little more three months later.

Congress has long "recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (citation omitted).  The Supreme Court has also noted that there are "few more appropriate occasions for use of a court's discretion than one in which a litigant, asking that the public pay costs of his litigation, either carelessly or willfully and stubbornly endeavors to saddle the public with wholly uncalled-for expense." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337, 69 S. Ct. 85, 93 L. Ed. 43 (1948).  The Fifth Circuit has likewise found it "undebatable that prohibiting litigants with a history of frivolous or malicious lawsuits from proceeding IFP will deter such abuses." *Carson v. Johnson*, 112 F.3d 818, 822 (5th Cir. 1997).

Relevant here, courts in this District have exercised their discretion in denying IFP in the majority of Plaintiff's lawsuits.  Citing his history of frivolous litigation in *Morningstar v. Mississippi Baptist Health Systems*, 3:19CV276 CWR-LRA, the court noted that Plaintiff had filed six lawsuits in this District within a two-year period, and although he was granted IFP status in the first five despite questions about their merit, four of them were summarily dismissed, with an apparent agreement in the fifth.  *See* 3:19CV276 CWR-LRA, ECF No. 3.  Since that time, court records indicate that Plaintiff has filed five additional lawsuits in this District requesting to proceed IFP resulting in a total of 18 lawsuits over a twelve-year period.

Given Plaintiff's history of frivolous and repetitive litigation, coupled with the fact that he has failed to demonstrate that the filing fee would impose undue financial hardship, Plaintiff should not be permitted to proceed at taxpayer expense in this case.

Based on the foregoing, the undersigned recommends that Plaintiff's Motion for Leave to Proceed in forma pauperis be denied, and he be directed to pay all costs associated with the filing of this lawsuit within 30 days. Should Plaintiff fail to timely pay all costs associated with the filing of this lawsuit, the undersigned recommends that this matter be dismissed without prejudice and without further notice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on March 31, 2023.

                                                s/ LaKeysha Greer Isaac
                                                UNITED STATES MAGISTRATE JUDGE